UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CUMMINGS, | : | CIVIL ACTION NO. 1:21-cv-1006 |
| Plaintiff | : | (MANNION, D.J.) |
| | | (CARSLON, M.J.) |
| v. | : | |
| J. SCHICKVAM, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is Magistrate Judge Martin C. Carlson's October 12, 2021 report and recommendation (hereinafter "report"), which recommends the dismissal of several claims from *pro se* prisoner William Cummings' amended complaint. (Doc. 67). The report also recommends that this case proceed only with respect to the allegations contained in paragraphs 9, 15-17, 19, 21, 22, 23, 30, 31, 32, 39 and 46 of the amended complaint, (Doc. 63), and against only 22 out of the 137 individual defendants. Plaintiff has filed objections to the report and a supplement to his objections. (Docs. 68, 69 & 71). Plaintiff also filed a motion for leave to file a second amended complaint, ("SAC"), as well as a proposed SAC and a supplement. (Docs. 70, 72 & 73). For the following reasons, the report will

be adopted in its entirety and the plaintiff's objections will be overruled. Plaintiff's motion for leave to file a SAC will be denied.

## I. BACKGROUND

Since the complete background of this case is stated in the report, it will not be fully repeated herein. At all relevant times, plaintiff was a state prisoner and he has raised a myriad of constitutional claims detailed in the report regarding his confinement that span 14 years, i.e., from 2007 to 2021.

Suffice to say that on September 29, 2021, the court issued an Order affirming Judge Carlson's September 15, 2021 Memorandum and Order, and directing plaintiff to file a single comprehensive amended complaint containing all of his claims against all defendants by October 12, 2021. (Doc. 60). Plaintiff then filed his amended complaint of October 4, 2021. (Doc. 63).

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court reviews *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge

and the court may rely on the magistrate judge's recommendations to the extent it deems proper. Rieder v. Apfel, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. See also Univac Dental Co. v. Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept, not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

In the instant report, plaintiff's amended complaint is screened as required and it is recommended that many of plaintiff's claims and defendants be dismissed, and that this case proceed only as those claims that meet federal pleading standards.

3

The court must conduct a preliminary review of *pro se* complaints brought by plaintiffs seeking to proceed *in forma pauperis*. See 28 U.S.C. §1915(e)(2)(B)(ii). Additionally, the law requires that a court conduct a preliminary review where a *pro se* prisoner seeks to recover from government officials. 28 U.S.C. §1915A. The purpose of these screenings is to dismiss cases at an early stage if they are frivolous, malicious or fail to state a claim upon which relief may be granted. Specifically, the law provides:

> **(a) Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A.

The court, when reviewing a complaint for failure to state a claim pursuant to 1915A or 28 U.S.C. §1915(e)(2)(B), applies the legal standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); Banks v. County of Allegheny, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

The standard set forth regarding a motion to dismiss under Rule 12(b)(6), requires the court to test the sufficiency of a complaint's allegations. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The report explains in a thorough fashion why many of the claims raised by plaintiff Cummings are subject to dismissal.[1] First many of plaintiff's claims must be dismissed since they are time-barred. No doubt that all of plaintiff's allegations and claims that pre-date June 7, 2019 are barred by the

---

[1] Since the report states the correct legal standards as well as the correct case law regarding the analysis of the plaintiff's claims, it will not be fully repeated herein.

applicable 2-year statute of limitations and should be dismissed as the report finds.

Second, plaintiff's claims that "prison officials have installed a device that allows them to surreptitiously communicate with [him] and enables them to read his thoughts and observe him in the most private and intimate of his personal activities" are also subject to dismissal for failure to state a cognizable claim, as the report finds.

Third, plaintiff's claims that prison officials have verbally harassed him are subject to dismissal since they fail to state a constitutional claim under the 8th Amendment, as the report explains.

Fourth, plaintiff's failure to state the personal involvement of many of the 137 named individual prison official defendants, i.e., 115 defendants, as required in a civil rights action, is grounds for dismissal of these defendants. The report correctly discusses the basis for such dismissal. Similarly, to the extent plaintiff alleges violations of his constitutional rights, but fails to identify any prison official who was personally responsible for the violations, this does not meet the pleading requirements of Fed.R.Civ.P. 8. Liability for a constitutional violation is personal in nature and is only imposed where specific allegations of personal direction or actual knowledge and acquiescence in the challenged conduct exist. Robinson v. City of Pittsburgh,

120 F.3d 1286 (3d Cir. 1997). Thus, vicariously liability or *respondeat superior* liability cannot be the basis for liability. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015). Only the allegations stated below which will be allowed to proceed against 22 defendants meet this requirement.

Fifth, insofar as plaintiff attempts to request the court to initiate criminal prosecutions against prison officials, as the report finds, "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit." (Doc. 67 at 18-19) (string citations omitted). Thus, these claims in which plaintiff seeks the court to have criminal charges filed against prison staff will be dismissed.

Sixth, plaintiff's claims related to alleged due process violations during disciplinary hearings conducted on the misconduct reports filed against him between 2007 and 2021, in which he alleges that his convictions are all invalid because the hearing officers were not notary publics, fail as a matter

of law since, as the report concludes, "there is no constitutional requirement that prison hearing officers be notaries." (Doc. 67 at 20).

The plaintiff's objections to the report and its recommendations for the dismissal of the above stated claims and defendants do nothing to remedy or justify the amended complaint's shortfalls that were discussed in the report. Therefore, the above stated claims and defendants will be dismissed.

Additionally, with respect to all of the claims and allegations which are subject to dismissal, the court will dismiss these claims with prejudice without further leave to amend since plaintiff has already filed two pleadings, since the court directed him to file an all inclusive amended complaint, and since it would be futile to allow plaintiff further leave to amend the stated claims, as detailed above. As such, the court will also deny plaintiff's motion for leave to file a SAC. (Doc. 70).

Finally, the report finds that plaintiff has stated viable constitutional claims in some of his allegations in his amended complaint against 22 individual defendants, and recommends that these claims proceed. Initially, plaintiff does not object to the report insofar as it recommends that some of his claims proceed. In any event, since these claims and allegations are detailed in the report, they are not repeated herein. (Doc. 67 at 24-26). Specifically, this case will be allowed to proceed only with respect to the

allegations contained in paragraphs 9, 15-17, 19, 21, 22, 23, 30, 31, 32, 39 and 46 of the amended complaint, (Doc. 63). The amended complaint will only proceed against the 22 defendants alleged to have been personally involved with the claims in the stated paragraphs that are moving forward, namely: J. Storm, P. O'Boyle, Zaremba, Yordy, Poccione, Turner, Robert Cress, W. Knappenberger, Newton, Chuma, Hearing Officer Weiderhold, Luksh, Blommel, Lawrence, Aaron Walter, Chris Schultz, J. Simpson, Schickvam, Vanessa Horvath, Young, Voekler, and Clews.

## IV. CONCLUSION

Based upon the above reasoning, the court will adopt Judge Carlson's report and recommendation, (Doc. 67), in its entirety, and overrule plaintiff's objections, (Docs. 68, 69 & 71). Also, plaintiff's motion for leave of court to file a SAC, (Doc. 70), will be denied. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 4, 2022**
21-1006-02