UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | CIVIL ACTION NO. 1:21-cv-1006 |
| **Plaintiff** | : | (MANNION, D.J.) |
| | | (CARSLON, M.J.) |
| v. | : | |
| **J. SCHICKVAM**, *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court is Magistrate Judge Martin C. Carlson's January 27, 2022 report and recommendation (hereinafter "report"), (Doc. 86), which recommends the denial of the motion of *pro se* prisoner William Cummings for reconsideration of this court's prior Order, (Doc. 75), dismissing several of plaintiff's claims from his amended complaint, (Doc. 63), and only allowing this case to proceed with respect to the allegations contained in paragraphs 9, 15-17, 19, 21, 22, 23, 30, 31, 32, 39 and 46 of the amended complaint, and against only 22 out of the 137 individual defendants. On January 4, 2022, the court adopted the prior report of Judge Carlson, in its entirety, (Doc. 67), and the plaintiff's objections to it were overruled. Additionally, with respect to all of the claims and allegations which

were subject to dismissal, the court dismissed them with prejudice and without further leave to amend since plaintiff had already filed two pleadings. Also, plaintiff's motion for leave to file a second amended complaint was denied. The amended complaint was then served upon the remaining defendants to respond to the remaining claims.

Plaintiff then filed his instant motion for reconsideration on January 18, 2022, (Doc. 85), seeking this court to reinstate all of his claims and all of the original 137 defendants. After Judge Carlson recommended that plaintiff's motion be denied, plaintiff filed objections to the report and a supplement to his objections. (Docs. 88 & 91). For the following reasons, the report will be adopted and plaintiff's objections will be overruled.

### I. BACKGROUND

Since the complete background of this case is stated in Judge Carlson's reports, (Docs. 67 & 86), as well as in the court's prior Memorandum, (Doc. 74), it will not be repeated herein.

### II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court reviews *de novo* those portions of the

report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the magistrate judge's recommendations to the extent it deems proper. Rieder v. Apfel, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* Univac Dental Co. v. Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept, not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

The instant report states the correct legal standard for reviewing a motion for reconsideration. As the court explained in its prior Memorandum, (Doc. 74), since plaintiff had only stated viable constitutional claims in some of his allegations in his amended complaint against 22 individual defendants, these claims alone were allowed to proceed. Since these claims and allegations, as well as the names of the remaining defendants, are detailed in the prior report and Memorandum, they are not repeated herein. (Docs. 67 & 74). Further, the amended complaint was only allowed to proceed against the 22 defendants alleged to have been personally involved with the remaining claims.

The court has considered the findings in Judge Carlson's report that plaintiff has not met the required grounds to warrant reconsideration of the court's January 4, 2022 Order, *see* Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (holding that the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence"), and finds no clear error of law. As such, the court agrees with the sound reasoning which has led Judge Carlson to the conclusions in his report.

## IV. CONCLUSION

Based upon the above reasoning, the court will adopt Judge Carlson's report and recommendation, **(Doc. 86)**, in its entirety, and overrule plaintiff's objections, **(Docs. 88 & 91)**. Plaintiff's motion for reconsideration, **(Doc. 85)**, will be denied. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 31, 2022**
21-1006-03