UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | **CIVIL ACTION NO. 1:21-cv-1006** |
| **Plaintiff** | : | **(MANNION, D.J.)** |
| | | **(CARSLON, M.J.)** |
| v. | : | |
| **J. SCHICKVAM,** *et al.*, | : | |
| **Defendants** | : | |

### **MEMORANDUM**

Presently before the court is Magistrate Judge Martin C. Carlson's March 22, 2022 report and recommendation (hereinafter "report"), (Doc. 97), which recommends the granting of the motion to dismiss filed by defendant Dr. Andrew Newton regarding the 8th Amendment claims raised against him by the *pro se* prisoner William Cummings in his amended complaint, (Doc. 63). Specifically, plaintiff alleges that Dr. Newton, along with other medical staff at the prison, periodically deprived him of a safety blanket for four years, (2018-2021), when he was housed in a psychiatric observation cell despite the fact that he was entitled to a blanket under DOC policy.

**I. BACKGROUND**

Since the complete background of this case is stated in Judge Carlson's reports, (Docs. 67, 86 & 97), as well as in the court's prior Memorandum, (Doc. 74), it will not be fully repeated herein.

As a brief backdrop, the court has only allowed this case to proceed with respect to the allegations contained in paragraphs 9, 15-17, 19, 21, 22, 23, 30, 31, 32, 39 and 46 of the plaintiff's amended complaint, and against only 22 out of the 137 individual defendants named in the pleading. On January 4, 2022, the court adopted the prior report of Judge Carlson, in its entirety, (Doc. 67), recommending that only the stated allegations and defendants proceed and, the plaintiff's objections to it were overruled. Additionally, with respect to all of the claims and allegations which were subject to dismissal, the court dismissed them with prejudice and without further leave to amend since plaintiff had already filed two pleadings. Also, plaintiff's motion for leave to file a second amended complaint was denied. The amended complaint was then served upon the remaining defendants to respond to the remaining claims.

Dr. Newton then filed his instant motion to dismiss on January 18, 2022, (Doc. 83), seeking the court dismiss the claims against him. Dr.

Newton simultaneously filed his brief in support of his motion. (Doc. 84). To date, no brief in opposition to Dr. Newton was filed by the plaintiff.

After Judge Carlson recommended that Dr. Newton's motion be granted, plaintiff filed objections to the report and a brief in support of his objections. (Docs. 98 & 99). For the following reasons, the report will be adopted and plaintiff's objections will be overruled.

**II. STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court reviews *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the magistrate judge's recommendations to the extent it deems proper. Rieder v. Apfel, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* Univac Dental Co. v.

Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept, not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

### III. DISCUSSION

The instant report states all of the correct legal standards with respect to its recommendations, and they will not be repeated herein.

The report states three reasons why Dr. Newton's motion to dismiss should be granted.

First, the report recommends that since the plaintiff failed to file a timely brief in opposition to the Dr. Newton's motion, he should be deemed as not opposing it, and the motion should be granted. In his objections, plaintiff responds that although he received the court's Order directing him to respond to the motion to dismiss, (Doc. 89), he has been in and out of a psychiatric observation cell at the prison after he received the Order seemingly making it difficult to file his opposition brief. In any event, plaintiff

states that he did give his brief to prison staff to mail to the court about February 5, 2022, but he contends that the defendants stopped his brief from going to the court.

Although plaintiff offers no support for his allegations that defendants thwarted his opposition brief to Dr. Newton's motion from being filed, the court will not grant the motion to dismiss based on plaintiff's failure to oppose the motion.

Second, the report recommends that dismissal of Dr. Newton is warranted under Fed.R.Civ.P. 41(b) for plaintiff's failure to prosecute his case against this defendant. The report then correctly analyzes the Poulis factors and concludes that all of the factors balance in favor the dismissal of plaintiff's case with respect to Dr. Newton.

Similar to the court's finding regarding the first basis in the report to grant Dr. Newton's motion, the court will refrain from granting the motion based on Rule 41(b) since plaintiff has responded to the report and offered an explanation as to why his opposition brief was not filed. It is thus clear that plaintiff has not abandoned his case and that his conduct was allegedly not willful disobedience of the court's Order directing him to respond to the motion to dismiss.

The third reason discussed in the report for recommending that Dr. Newton's motion be granted is based on the merits and finds that the plaintiff's allegations against this defendant fail to state a cognizable 8th Amendment claim. In his brief filed with his objections to the report, (Doc. 99), plaintiff argues why his 8th Amendment claim against Dr. Newton should proceed.

The court will construe plaintiff's present brief as his opposition to Dr. Newton's motion to dismiss. As such, the court will consider the report to the extent it analyzes the motion to dismiss on its merits.

The court will adopt the report insofar as it recommends that Dr. Newton's motion to dismiss be granted on its merits. As the report states, plaintiff's sole allegation against Dr. Newton is contained in paragraph 19 of his amended complaint, (Doc. 63). Since the report states the allegations of paragraph 19, they are not fully repeated. (Doc. 97 at 12). Suffice to say that plaintiff alleges that contrary to DOC Policy, "on several occasions [over a 4-year period], Nurses, Dan Zaremba, Chad Yordy, Poccione, Turner, Robert Cress, W. Knappenberg, and Doctor[s] Newton and Chuma refused to issue [him] a [safety] blanket" when he was housed in a psychiatric observation cell.

After correctly discussing the legal standards of an 8th Amendment claim, the report concludes that "Cummings' complaint simply describes several instances over a four year period in which it is alleged that the plaintiff did not receive a blanket, Cummings has not set forth well-pleaded facts showing that he was denied the minimal measure of life's necessities and this Eighth Amendment claim fails as a matter of law." (Doc. 97 at 14).

The report correctly recommends the dismissal the deliberate-indifference claims against Dr. Newton. "The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs" and, "[t]o act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Hayes v. Gilmore, 802 Fed.Appx. 84, 88 (3d Cir. 2020) (internal citations omitted). Even if plaintiff's mental health needs were serious, Dr. Newton's motion to dismiss will be granted because the deprivation of a blanket occasionally over a 4-year period does not state a plausible claim of deliberate indifference.

Additionally, plaintiff's allegations against Dr. Newton do not sufficiently state his personal involvement with respect to the 8th Amendment claim. "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence", and "[a]llegations of

7

participation or actual knowledge and acquiescence ... must be made with appropriate particularity." *Id.* at 87. (internal citation omitted). There is no particularity with respect to plaintiff's allegations against Dr. Newton.

Finally, plaintiff does not allege that his psychiatric treatment by Dr. Newton fell below any professional standards of care, and he fails to state any actionable constitutional violation by the doctor.

The court will not allow plaintiff to amend his claims against Dr. Newton any further since he has had already been allowed to file amended pleadings and any additional amendment would be unduly prejudicial to Dr. Newton.

The court has considered the findings in Judge Carlson's report recommending that Dr. Newton's motion to dismiss be granted on its merits, and finds no clear error of law. As such, the court agrees with the sound reasoning which has led Judge Carlson to the conclusions in his report.

**IV. CONCLUSION**

Based upon the above reasoning, the court will adopt Judge Carlson's report and recommendation, **(Doc. 97)**, to the extent that it recommends that Dr. Newton's motion to dismiss be granted on its merits, and overrule plaintiff's objections, **(Docs. 98 & 99)**. Dr. Newton's motion to dismiss

plaintiff's claims against him, **(Doc. 83)**, will be granted, and this defendant will be dismissed from this case. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 4, 2022**
21-1006-04