UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM CUMMINGS,** : | **CIVIL ACTION NO. 1:21-cv-1006** |
| **Plaintiff** : | **(MANNION, D.J.)** |
| | **(CARSLON, M.J.)** |
| v. : | |
| **J. SCHICKVAM,** *et al.*, : | |
| **Defendants** : | |

# MEMORANDUM

## I.  BACKGROUND

Presently before the court is Magistrate Judge Martin C. Carlson's April 18, 2022 report and recommendation (hereinafter "report"), (Doc. 109), which recommends that the motion for reconsideration filed by the *pro se* plaintiff William Cummings, (Doc. 106), be denied. Specifically, plaintiff seeks the court to reconsider its April 4, 2022 Order, (Doc. 105), granting defendant Dr. Newton's motion to dismiss plaintiff's 8th Amendment claims against him, (Doc. 83), and dismissing this defendant from this case.

To date, neither plaintiff nor defendants filed objections to Judge Carlson's report and the time within which they were due has expired.

## II.   STANDARD

When no timely objections to a report are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* Univac Dental Co. v. Dentsply Int'l Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made to the report, the district court may accept, not accept, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III.   DISCUSSION

Since the complete background of this case is stated in Judge Carlson's reports, (Docs. 109, 67, 86 & 97), as well as in the court's prior Memoranda, (Docs. 74 & 104), it will not be repeated herein. Judge Carlson correctly finds that plaintiff's motion to reconsideration should be denied as meritless. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be

2

altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); Chesapeake Appalachia, LLC v. Scott Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one ... [A] mere disagreement with the court does not translate into a clear error of law." Chesapeake Appalachia, LLC, 73 F. Supp. 3d at 491 (quoting Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed.Appx. 3 (3d Cir. 2007)) (alteration in original).

The burden for reconsideration is on the moving party and plaintiff clearly does not demonstrate that any of the three grounds exist in his case which are required for the court to grant reconsideration. Further, since Judge Carlson's prior report, (Doc. 97), recommending that Dr. Newton's motion to dismiss be granted, as well as the court's Memorandum, (Doc. 104), adopting the report contained through explanations regarding the

3

reasons for granting Dr. Newton's motion, which is the subject of plaintiff's instant motion, it will not repeat this discussion. Also, simply because plaintiff is unhappy with the results of the court's decision "is an insufficient basis to grant them relief." Kropa v. Cabot Oil & Gas Corp., 716 F.Supp.2d 375, 378 (M.D. Pa. 2010) (citation omitted).

### IV.     CONCLUSION

Thus, plaintiff's motion, **(Doc. 106)**, for the court to reconsider its April 4, 2022 Memorandum and Order, (Docs. 104 & 105), will be is **DENIED**, and Judge Carlson's report, **(Doc. 109)**, will be **ADOPTED**. Dr. Newton will remain dismissed from this case. An appropriate order follows.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 8, 2022**
21-1006-05

4