UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM B. CUMMINGS, | |
| Plaintiff, | CIVIL ACTION NO. 1:21-CV-01006 |
| v. | (SAPORITO, J.)<br>(CARABALLO, M.J.) |
| J. SCHICKVAM, et al., | |
| Defendants. | |

## MEMORANDUM

Now before the court is a report and recommendation of United States Magistrate Judge Phillip J. Caraballo, in which he recommends that the plaintiff's motion for summary judgment (Doc. 193) be denied and the defendants' motion for summary judgment (Doc. 196) be granted. (Doc. 208).

The plaintiff initiated this action on June 7, 2021, and after numerous attempts to amend his original complaint, the plaintiff filed the operative amended complaint on October 4, 2021. (Doc. 1; Doc. 63). The operative complaint asserted numerous claims against 137 defendants. (*Id.*). On January 4, 2022, the Court dismissed all but eleven claims against twenty-two defendants. (Doc. 63). On April 4, 2022, the Court dismissed another defendant. (Doc. 105). Judge Caraballo's report

and recommendation concerns the claims against the remaining twenty-one defendants.

Many of the plaintiff's claims are based on seven relevant grievances filed between June of 2019 and the initiation of this action.[1] Before bringing a § 1983 action concerning prison conditions, a prisoner must first exhaust all available administrative remedies through the grievance process before they can serve as factual prerequisites for a claim. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Judge Caraballo first looked at the plaintiff's grievances to determine if the plaintiff properly exhausted each grievance. Upon review of those grievances, Judge Caraballo noted that five of them were dismissed on procedural grounds in the grievance process, and thus, not properly exhausted. He therefore determined that those five grievances could not

---

[1] Judge Caraballo notes three additional grievances that were filed as exhibits to this action. All three grievances, however, were filed outside the appropriate two-year statute of limitations for this action. *See* (Doc. 208, at 9).

properly serve as a prequisite for the plaintiff's claims. (Doc. 208, at 19–24). Second, Judge Caraballo analyzed the remaining two grievances and found that while those claims were properly exhausted, they failed to allege sufficient facts aligning with the claims brought against certain defendants. (*Id.,* at 24–27). Moreover, Judge Caraballo noted that the plaintiff's non-exhausted grievances did not fall into any of the exceptions allowing the plaintiff to bypass the exhaustion requirements. (*Id.,* at 27–33). Therefore, because the plaintiff failed to properly exhaust the grievances underlying his claims, Judge Caraballo recommends dismissal of all claims against defendants Walter, Schickvam, Schultz, Voekler, Clews, Young, and Horvath.

Judge Caraballo also recommends dismissal of the plaintiff's First Amendment retaliation claims against defendants Lawrence, Luksh, Blommel, and Simpson. Judge Caraballo found that the plaintiff failed to plead a *prima facie* case of retaliation against defendant Lawrence due to the plaintiff's failure to identify defendant Lawrence in the alleged adverse action of planting contraband in the plaintiff's cell and the plaintiff's failure to show that the alleged retaliation resulted from the initiation of this lawsuit. Moreover, Judge Caraballo noted that the

plaintiff failed to allege a sufficient adverse action in his First Amendment retaliation claim against defendant Simpson. Furthermore, Judge Caraballo explained that the record failed to provide any basis that defendant Blommel took an adverse action against the plaintiff necessary for a First Amendment retaliation claim. While Judge Caraballo acknowledged that the plaintiff did sufficiently plead a *prima facie* case of retaliation against defendant Luksh, Judge Caraballo found that defendant Luksh's adverse action of issuing a misconduct to the plaintiff would have been imposed regardless of the plaintiff's lawsuit, the constitutionally protected activity. Therefore, the plaintiff's lawsuit was not "a substantial or motivating" factor in defendant Luksh's decision to issue the plaintiff a misconduct. (Doc. 209, at 45).

Judge Caraballo next analyzed the plaintiff's Fourteenth Amendment claims against defendants Weiderhold, Storm, and O'Boyle. He noted that a Fourteenth Amendment Due Process claim required the plaintiff to show, at a minimum, a constitutionally protected liberty interest or property interest. (Doc. 208, at 49). Upon review of the record, Judge Caraballo found that plaintiff did not suffer a protected liberty interest when being sanctioned to time in disciplinary custody, and thus,

could not sustain his Fourteenth Amendment claims. Judge Caraballo therefore recommends dismissal of the plaintiff's claims against defendants Weiderhold, Storm, and O'Boyle.

Judge Caraballo further analyzed the plaintiff's Eighth Amendment conditions of confinement claim against defendants Zaremba, Yordy, Turner, Cress, Knappenberger, and Chuma, based on what appears to be a grievance concerning the plaintiff's placement in a cold psychiatric observation cell.[2] Judge Caraballo found that the plaintiff's Eighth Amendment claims failed to allege the necessary "objectively, sufficiently serious" deprivation required for an Eighth Amendment claim. Therefore, Judge Caraballo recommends dismissal of the plaintiff's claims against defendants Zaremba, Yordy, Turner, Cress, Knappenberger, and Chuma.

Finally, Judge Caraballo examined the plaintiff's motion for summary judgment against defendant Poccione. (Doc. 193). Judge Caraballo construed the plaintiff's motion as a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure, and

---

[2] We note that it is unclear whether the grievance that the plaintiff relies on for these claims was properly exhausted. Regardless, Judge Caraballo recommends dismissal based on the merits of the claim.

upon review of that motion, Judge Caraballo found that the plaintiff had failed to gain a prerequisite entry of default against defendant Poccione. (Doc. 208, at 57) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1147 (3d Cir. 1990). Moreover, Judge Caraballo noted that the plaintiff failed to produce evidence that defendant Poccione was served. *See Pergola v. Umar*, No. 90-1876, 1991 WL 152968, at *2 (E.D. Pa. Aug. 6, 1991) ("[W]here a defendant has not been properly served with the summons and complaint, there is no requirement to file a responsive pleading and hence, a court may not grant plaintiff's motion for default for failure to do so."). Therefore, Judge Caraballo recommends the denial of the plaintiff's motion for a default judgment.

  The plaintiff has filed three documents constituting his objections to Judge Caraballo's report and recommendation. (Doc. 209; Doc. 210; Doc. 211). Many of the plaintiff's objections concern Judge Caraballo's finding that five of the plaintiff's grievances were dismissed on procedural grounds and thus not properly exhausted. As we noted above, before bringing a § 1983 action concerning prison conditions, a prisoner must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "[I]t is beyond the power of this court … to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000).

Moreover, § 1997e(a) requires "proper" exhaustion of administrative remedies, meaning strict compliance with DOC deadlines and other procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006). "A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." *McKinney v. Kelchner*, No. 1:CV-05-0205, 2007 WL 2852373, at *3 (M.D. Pa. Sept. 27, 2007) (citing *Spruill v. Gillis*, 372 F.3d 218, 227–32 (3d Cir. 2004)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable

procedural rules'—rules that are defined not by [§ 1997e(a)], but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88) (citation omitted); *see also Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) ("Section 1997e(a) does not delineate the procedures prisoners must follow.").

Failure to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendant. *Ray v. Kertes*, 385 F.3d 287, 295 (3d Cir. 2002) ("Prison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison to prisoners." (alteration omitted)). But "[o]nce the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Johnson v. Dist. of Columbia*, 869 F. Supp. 2d 34, 38 (D.D.C. 2012) ("Once Defendant has shown that Plaintiff failed to exhaust his administrative remedies, the burden shifts to Plaintiff to establish that a failure to exhaust was due to

the unavailability of remedies."). "However, as required by [the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007)], the ultimate burden of proof remains with the defendant." *Albino*, 747 F.3d at 1172; *see also Brown v. Croak*, 312 F.3d 109, 112–13 (3d Cir. 2002); *Kantamanto v. King*, 651 F. Supp. 2d 313, 322 (E.D. Pa. 2009).

Here, the defendants contend that the plaintiff failed to exhaust his administrative remedies for five of his pending claims before filing his action. (Doc. 208, at 14, 15). In his report and recommendation, Judge Caraballo agreed that those five grievances were not fully exhausted. (Doc. 208, at 19–22). But the plaintiff has maintained that administrative remedies were rendered unavailable to him because, among other actions, he was consistently threatened and sabotaged throughout the grievances processes. *See* (Doc. 209, at 1) ("[T]he grievance process was not available to me after I filed the initial grievance against each defendant in this action nor was the appeals process to the misconduct I received as subject of the complaint" and "[I] time after time tried to finish the process but was sabotaged by DOC staff; then I was threatened to be killed by … staff members"; (Doc. 210, at 3–6) (mentioning various points in the plaintiff's amended complaint where the plaintiff was

threatened during the grievance process); (Doc. 211, at 1) ("Am I suppose to keep waiting to be killed[?] The grievance system was utilized but they kept threating me. Please see how the grievance wasn't available to me and how a threat is an exception to exhaustion…."). Indeed, as the plaintiff notes, the Supreme Court has held that exhaustion is not required when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). We acknowledge that the plaintiff's assertions of threatening and intimidating behavior leave much to be desired, but we cannot disregard those assertions under which he swears and avers "pursuant to the penalties of perjury." (Doc. 209, at 1). Therefore, we find that the plaintiff has raised a genuine dispute of material fact concerning whether those five grievances were exhausted.

Under Third Circuit precedent, "exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Small v. Camden Cnty.*, 728 F.3d 265, 269 (3d Cir. 2013) (citing *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010)); *see also Drippe*, 604 F.3d at 781 ("Juries decide cases, not issues

of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to." (quoting *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)); *cf. Wilkerson v. United States*, Civil Action No. 3:13-1499, 2014 WL 1653249, at *9 (M.D. Pa. Apr. 24, 2014) ("[I]f there is a dispute of material fact, the court should conduct a plenary trial on the contested facts prior to making [an exhaustion of administrative remedies] determination."). "Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." *Small*, 728 F.3d at 271 (citations omitted). Based on the arguments presented by both parties on this issue and the evidence cited in support of their respective positions, we find an evidentiary hearing is necessary under the circumstances presented in this case.

Judge Caraballo recommends dismissal of the following claims due to the plaintiff's failure to exhaust the necessary administrative remedies:

1. The Eighth Amendment conditions of confinement claim against defendants Voekler, Clews, and Young, alleging that they tampered with the plaintiff's meals;

2. The Fourth Amendment excessive force claim against defendant Walter, alleging that he grabbed the plaintiff's arm;

3. The Eighth Amendment conditions of confinement claim against defendant Schultz, alleging that he denied the plaintiff clean drinking water; and

4. The Fourth Amendment excessive force claim against defendant Schickvam, alleging that he slammed the plaintiff's finger in a door.

(Doc. 208, at 33).[3] But because there remains a genuine issue of fact as to the exhaustion of the plaintiff's claims, we find that dismissal of these claims at this stage is premature as an evidentiary hearing must be conducted to determine the matter of exhaustion for the plaintiff's grievances.

Nonetheless, we find the remainder of the plaintiff's objections to

---

[3] Judge Caraballo includes an additional claim within this category: the plaintiff's First Amendment retaliation claim against defendant Horvath for the allegation that she issued the plaintiff a misconduct the day he applied for commutation. (Doc. 208, at 34). But Judge Caraballo notes that the record fails to show a misconduct issued by defendant Horvath. Therefore, Judge Caraballo's dismissal recommendation of this claim lies on its merits rather than exhaustion, and as such, does not fall into those claims that are dismissed based on exhaustion alone.

Judge Caraballo's report and recommendation to be unpersuasive. The plaintiff's objections to his First Amendment retaliation claim against defendant Lawrence run counter to the record. The plaintiff contends that defendant Lawrence planted contraband in his cell, and lied about doing so when issuing him a misconduct. (Doc. 210, at 7). But as Judge Caraballo noted in his report and recommendation, the record shows that the plaintiff blamed other inmates for sliding the contraband under his cell door before defendant Lawrence's involvement. (Doc. 208, at 37). Moreover, during the misconduct proceedings appeal, the plaintiff failed to identify defendant Lawrence as the perpetrator of the planting of the contraband. The plaintiff's objections to his First Amendment retaliation claims against defendant Luksh and Blommel are equally unavailing. The plaintiff's objections fail to dispute the evidence that defendant Blommel played no direct role in issuing the misconduct giving rise to the plaintiff's claim. Those objections also fail to address Judge Caraballo's finding that the plaintiff's misconduct was independent of the plaintiff's legal actions and thus, showed no retaliatory motivation. Finally, the plaintiff's objections to his First Amendment retaliation claim against defendant Simpson do not address Judge Caraballo's findings that the

denial of an administrative grievance cannot serve as the adverse action element for a First Amendment retaliation claim and that a verbal threat, without more, additionally fails to constitute an adverse action for that claim.

Moreover, the plaintiff's objections to Judge Caraballo's recommendation concerning his Fourteenth Amendment claims are unavailing. The plaintiff again states that he lost privileges such as "being subjected to harsher conditions in the RHV," "TV privileges, out of cell activities," and restricted housing and contact visits. (Doc. 210, at 11). But as Judge Caraballo noted, a disciplinary sanction of the plaintiff's time does not qualify as an "atypical and significant hardship[,]" sufficient to implicate a protected liberty interest and trigger federal due process requirements for a Fourteenth Amendment claim. (Doc. 208, at 51) (quoting *Dias v. Canino*, 502 F. App'x 214, 218 (3d Cir. 2012)).

Finally, we turn to the plaintiff's objections concerning Judge Caraballo's recommendation that the plaintiff's construed motion for default judgment be denied. The plaintiff's sole contention lies in his assertion that "[defendant] Poccione had been served the complaint years ago, and refuses to participate in this action." (Doc. 210, at 2). But again,

as Judge Carballo found, the record fails to support that assertion. The record shows that neither party was able to locate a defendant "Poccione," and as such, that unidentified defendant remains unserved. Therefore, the plaintiff's contention is meritless.

We note that the plaintiff failed to address Judge Caraballo's recommendation that the plaintiff's Eighth Amendment conditions of confinement claim against defendants Zaremba, Yordy, Turner, Cress, Knappenberger, and Chuna be dismissed. Upon review of Judge Caraballo's recommendation, we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find that the recommendation to dismiss the plaintiff's Eighth Amendment conditions of confinement claim against those defendants is well-reasoned and fully supported by the record and applicable law.

For the foregoing reasons, after careful consideration, we will adopt the report and recommendation as modified as the decision of the court by granting the defendants' motion for summary judgment in part and holding it in abeyance in part. The plaintiff's motion for summary judgment will be denied.

An appropriate order follows.

Dated: October 22, 2025      *s/Joseph F. Saporito, Jr.*
　　　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　　　United States District Judge